IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:12cr13-MHT |
| DARRELL CULBERTSON | ) | (WO) |

## OPINION AND ORDER

This cause is before the court on defendant Darrell Culbertson's second motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, currently set for July 23, 2012 should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  In pertinent part, the Act provides:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Culbertson in a speedy trial.

2

As noted in the court's first order continuing Culbertson's trial date, the parties are considering whether pretrial diversion, rather than criminal prosecution, is appropriate for Culbertson.  This will require that the government have "the opportunity to evaluate and digest properly the pretrial-diversion request" made by Culbertson's counsel. Opinion and Order (Doc. No. 20) at 3.  Defense counsel has requested a second continuance because, though the government has now tentatively approved pretrial diversion, the United States Probation Office is still in the process of completing its investigation, which is necessary to obtain final approval by the government.  The probation office will not complete its investigation before the currently scheduled trial date.  A second continuance, the court concludes, is therefore appropriate.

In addition, as before, the court finds that Culbertson will not be prejudiced by such a delay, and the government does not oppose the continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Darrell Culbertson's motion for continuance (Doc. No. 22) is granted.

(2) The jury selection and trial, now set for July 23, 2012, are reset for November, 26, 2012 at 10:00 a.m. in the Federal Courthouse in Opelika, Alabama.

DONE, this the 16th day of July, 2012.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**